# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| DAWN BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:25-cv-03403-MDH |
| ) | |
| INTEGON INDEMNITY COMPANY[1], ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 11). Defendant has failed to file Suggestions in Opposition and the time to do so has elapsed. The motion is now ripe for adjudication on the merits. For the reasons stated herein, Plaintiff's Motion to Remand is **GRANTED**.

## BACKGROUND

This case arises out of a motor vehicle collision on U.S. Highway 65 in Springfield, Missouri. Plaintiff Dawn Bradley is a resident of Greene County, Missouri. Defendant Integon Indemnity Corporation is a foreign corporation with its principal office in Winston-Salem, North Carolina.

Plaintiff alleges that on or about July 10, 2025, an uninsured motorist, Jason Parsons, was operating a motor vehicle when he crossed lanes from the exit ramp of U.S. Highway 65 in Springfield, Missouri and collided with Plaintiff. Plaintiff alleges that as a result of Mr. Parson's negligence, she sustained injuries to her right wrist, hand, neck, and head, including a right-wrist

---

[1] Defendant was misnamed in the initial state court petition. Defendant's proper name is Integon Indemnity Corporation.

sprain with MRI-confirmed soft-tissue inflammation, hand contusion, cervical strain, and associated pain and impairment. Plaintiff alleges that prior to the incident, Plaintiff was insured under an automobile insurance policy ("the Policy") issued by Defendant, which was in full force and effect on July 10, 2025. The Policy provides uninsured motorist bodily-injury coverage with limits of at least $50,000 per person and $100,000 per accident. Plaintiff states she made a Settlement Offer upon Defendant for payment of her uninsured motorist claim, which Defendant rejected, and instead offered $16,400. Plaintiff rejected Defendant's offer.

Plaintiff then filed her Petition in the Circuit Court of Greene County, Missouri asserting two counts: Count I - Uninsured Motorist Benefits and Count II - Vexatious Refusal to Pay. Defendant subsequently removed it to this Court. Plaintiff now brings her current motion arguing that this case should be remanded back to the Circuit Court of Greene County arguing that this Court lacks subject matter jurisdiction as the requirements for diversity jurisdiction cannot be met.

**STANDARD**

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) and 1446(b). A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.,* citing *Junk v. Terminix Int'l* Co., 628 F.3d 439, 446 (8th Cir. 2010).

**ANALYSIS**

Plaintiff argues that this Court lacks subject-matter jurisdiction because the amount in controversy does not exceed $75,000. Specifically, Plaintiff argues that Defendant's Notice of Removal concedes that the uninsured motorist policy limit is $50,000 and the maximum statutory

2

penalty alleged under Mo. Rev. Stat. § 375.420 is $5,150. Thus, the total non-fee damages at issue are $55,150. Plaintiff further argues that she has submitted an affidavit affirmatively stating that she will not seek or accept a total recovery exceeding $75,000, exclusive of interest and costs, including attorney's fees. Lastly, Plaintiff asserts that no other basis for federal jurisdiction exists as to this case.

28 U.S.C. § 1332 governs when a federal district court has original jurisdiction of civil cases arising out of diversity jurisdiction. It states in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the Untied States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

The Court finds that the $75,000 threshold for diversity jurisdiction has not been met in this case and thus this Court lacks subject matter jurisdiction. Here, Plaintiff has pleaded in her Petition that the "Policy provides Uninsured Motorist (UM) bodily-injury coverage with limits of at least $50,000.00 per person and $100,000.00 per accident." (Doc. 1-2, ¶ 17). Defendant's Notice of Removal states that "Plaintiff seeks to recover in the lawsuit the full policy limit available under the Policy at issue, $50,000.00." (Doc. 1 ¶ 6). Thus, the Court finds that for the amount-in-

3

Case 6:25-cv-03403-MDH    Document 12    Filed 02/10/26    Page 3 of 5

controversy analysis that the uninsured motorist policy limit is $50,000. Mo. Rev. Stat. § 375.420 governs the damages available in a vexatious refusal to pay claim and states in relevant part:

> [T]he Court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee[.]

The Court finds that under Mo. Rev. Stat. § 375.420 the maximum statutory penalty in this case would be $5,150,[2] totaling non-fee damages at $55,150.[3] Lastly, Plaintiff has submitted an affidavit which states:

> I hereby affirmatively agree and stipulate that I will not seek, request, or accept a total recovery in this action exceeding $75,000.00, exclusive of interest and costs, including but not limited to:
>
> - Contractual damages;
> - Statutory penalties;
> - Attorney's fees; and
> - Any other form of monetary relief.
>
> Specifically, I will not seek or accept attorney's fees under RSMo § 375.420 in an amount that would cause the total recovery in this case to exceed $75,000.00, exclusive of interest and costs. This affidavit is made voluntarily and is intended to be binding upon me for all purposes in this litigation.

(Doc. 11-1, ¶¶ 4–6). The Court finds this is sufficient to show that the amount-in-controversy requirement will not exceed $75,000. As such, the Court finds that the amount-in-controversy requirement has not been met in this case and thus this Court lacks subject-matter jurisdiction. For the reasons stated, Plaintiff's Motion to Remand is **GRANTED**.

## CONCLUSION

For the reason stated, Plaintiff's Motion to Remand is **GRANTED.** It is hereby **ORDERED** that this matter be **REMANDED** to the Circuit Court of Greene County, Missouri.

---

[2] ($1,500 x 0.20 = $300) + ($48,500 x 0.10 = $4,850) = $5,150.
[3] $50,000 + $5,150 = $55,150.

4

Case 6:25-cv-03403-MDH   Document 12   Filed 02/10/26   Page 4 of 5

**IT IS SO ORDERED.**

DATED: February 10, 2026

              */s/ Douglas Harpool*
              **DOUGLAS HARPOOL**
              **UNITED STATES DISTRICT JUDGE**